IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Mahon, ) | C/A No.: 4:06-2251-JFA-TER |
| ) | |
| Plaintiff, ) | |
| vs. ) | O R D E R |
| ) | |
| Doctor NFN Benoir; and case manager ) | |
| NFN Baker, sued in their individual capacities ) | |
| for monetary damages, sued in individual ) | |
| and official capacity for other relief, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, David Mahon, was an inmate at the South Carolina Department of Corrections ("SCDC") during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights due to a deliberate indifference to his medical needs. He seeks actual damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant summary judgment to the defendants. The Magistrate Judge further suggests that the defendants are entitled to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

qualified immunity and that the claims against the defendants in their official capacities are barred pursuant to the Eleventh Amendment of the Constitution. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation that was entered on the docket on June 5, 2008. The plaintiff filed objections[2] to the Report within the time limits prescribed after this court granted plaintiff's motion to extend time to file objections. The court has carefully reviewed the plaintiff's objections and finds them to be merely a restatement of his claims set forth in the complaint. As such, plaintiff's objections are overruled.

The plaintiff alleges that defendants were deliberately indifferent to his medical needs by denying him medication prescribed by outside physicians, not allowing him outside medical visits to his physicians, taking away his cast for his wrist, not prescribing strong pain medication, and not making sure he was placed in a lower bunk.

As the Magistrate Judge correctly opines, the plaintiff fails to show that defendants were deliberately indifferent to his medical needs or that his treatment was so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). As the Magistrate Judge properly notes, incorrect medical treatment or negligence in general is not actionable under 42 U.S.C. 1983, *Estelle v. Gamble*, 429 U.S. 97 (1976), *Daniels v. Williams* 474 U.S. 327 (1986); 42 USC 1983 does not impose liability for violations of duties of care arising under state law, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989); the Constitution does not guarantee a prisoner the treatment of his choice, *Jackson v. Fair*, 846 F.2d 811 (1st Cir. 1988); nor does a disagreement as to the proper treatment to be received in and of itself state a constitutional violation, *Smart v. Willar*, 547 F.2d 112 (10th Cir. 1976).

This court concurs with the Magistrate Judge that plaintiff has failed to show deliberate indifference to his overall medical needs by the defendants. Accordingly, summary judgment is granted to the defendants on this issue.

The court further finds that defendants are entitled to qualified immunity because the plaintiff has failed to show their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991); *Marciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992).

Because the defendants were employees of the SCDC and thus, state officials acting in their official capacity while employed by SCDC, they are entitled to Eleventh Amendment immunity from monetary damages. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). To the extent plaintiff seeks injunctive or other relief against the defendants in their

official capacities, such claims are moot because the plaintiff has been released from the SCDC. *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991).

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

August 27, 2008
Columbia, South Carolina